Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Michael Paretti, Esq.
Nevada Bar No. 13926
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702-784-5200
Facsimile: 702-784-5252
Email: afugazzi@swlaw.com
        mparetti@swlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRANSPARENTBUSINESS, INC., a Delaware corporation; MARIA SILVINA MOSCHINI, an individual; and, ALEXANDER KONANYKHIN, an individual, | Case No. |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | |
| INFOBAE, an Argentinian company; and, SANTIAGO SIRI, an individual, | |
| Defendants. | |

TransparentBusiness, Inc., Maria Silvina Moschini, and Alex Konanykhin (collectively, "Plaintiffs"), by and through their counsel, Snell & Wilmer L.L.P., submit this Verified Complaint for defamation and state as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

1.    Plaintiffs bring this action to obtain legal redress for defendant Santiago Siri's false accusations, published by defendant Infobae, that TransparentBusiness is a "pyramid scam" and that Mr. Konanykhin and Ms. Moschini, TransparentBusiness's cofounders, are "stealing money from people" and "should go to jail."

2.      The facts that form the basis for this Complaint for Defamation underscore the tragic reality that false accusations can be too often used to further personal agendas.

3.      The facts that form the basis for this Complaint further demonstrate the devastating impact that occurs to the falsely accused business and its executives when false accusations of malfeasance are embraced and conveyed to the world by a member of the media during the midst of a private placement offering.

4.      TransparentBusiness was founded by Alexander Konanykhin and Maria Silvina Moschini in 2015. Its SaaS platform is designed to increase remote workers' productivity, protect client budgets from overbilling, allow coordination and monitoring of their remote workforce and provide real-time information on the cost and status of all tasks and projects.

5.      Alex Konanykhin is Chief Executive Officer (CEO) and co-founder of TransparentBusiness.

6.      Silvina Moschini is President, Chairwoman, and co-founder of TransparentBusiness.

7.      On October 7, 2020, unconstrained by the truth, Infobae published an article titled "Controversy among entrepreneurs over the new Argentine tech unicorn: 'It's a pyramid scam, they should go to jail.'"[1]

8.      Specifically, Mr. Siri was quoted in the article defaming TransparentBusiness, Mr. Konanykhin and Ms. Moschini: "It's a pyramid scam, they are stealing money from people. They should go jail . . . information came to me and it is very clear that it is a pyramid scam . . . It may be a unicorn according to your vision, but it is a scam . . . They are scammers by soliciting unsuspecting investors on Facebook. They should go to jail . . . There is a lot in networks and not much else. It looks like a classic scam . . . it is insulting to the ecosystem because they are stealing money from people."

9.      TransparentBusiness is currently conducting its third round of private equity fundraising, with plans to raise a total of $330 million privately by the end of 2021.

---

[1] The article was originally published in Spanish, so all quotations are translations that may contain minor, unintentional discrepancies.

Snell & Wilmer

L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

10.     TransparentBusiness is currently offering 10 million shares of its Common Stock, to be sold in its current Global Private Offering at a purchase price of $1, up to an aggregate purchase price of $10 million.

11.     TransparentBusiness' current offering commenced on October 6, 2020, and will terminate upon the sale of 10 million shares, unless terminated earlier in TransparentBusiness's sole discretion.

12.     Mr. Siri's false and defamatory accusations that TransparentBusiness is a "pyramid scam" and that Mr. Konanykhin and Ms. Moschini are "stealing money from people and should go to jail," which accusations were publicized to the world by Infobae, have caused confusion in the marketplace and apprehension for potential investors to participate in TransparentBusiness's private offering, causing substantial harm to the company, its leadership team, and its existing investors.

13.     It is an undisputed fact that TransparentBusiness has already raised $20 million. Its investors include current and former executives of Morgan Stanley, Merrill Lynch, J.P. Morgan, Stifel, Bank of America, Barclays Global Investors, UBS, Wells Fargo, Goldman Sachs, Citigroup, Trust Company of the West, Deutsche Bank, CA Technologies, IBM, LinkedIn, Microsoft, and Accenture. Some of TransparentBusiness' investors are Nevada residents.

14.     With the filing of this Complaint for defamation, Transparent Business, Mr. Konanykhin, and Ms. Moschini take on Defendants' false accusations in order to establish their forthright business practices and make abundantly clear their intention and willingness to hold Defendants accountable for their wrongdoing.

**PARTIES, JURISDICTION, AND VENUE**

15.     TransparentBusiness, Inc. is a Delaware corporation, with its principal place of business in Incline Village, Nevada.

16.     Alex Konanykhin is Chief Executive Officer (CEO) and co-founder of TransparentBusiness.

17.     Silvina Moschini is President, Chairwoman, and co-founder of TransparentBusiness.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

18.    Mr. Konanykhin is a Nevada resident.

19.    Together Mr. Konanykhin and Ms. Moschini own a majority of TransparentBusiness, including both equity and voting rights in the company.

20.    Mr. Konanykhin is domiciled in Nevada because his permanent home is located in Incline Village, Nevada, where he resides with the intention to remain.

21.    Infobae is an Argentinian company with its principal place of business in Buenos Aires, Argentina.

22.    Santiago Siri is an Argentinian citizen who resides in San Francisco, New York, and Madrid, Spain.

23.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

24.    This Court has subject matter jurisdiction over the counts of the present action pursuant to 28 U.S.C. §§ 1332.

25.    Jurisdiction and venue are proper in the unofficial northern district for the District of Nevada because Mr. Konanykhin is a resident of Incline Village, Nevada and has suffered substantial harm in Nevada.

26.    This Court has personal jurisdiction over Defendants because they issued public statements over the internet and published those statements into the Nevada forum discussing Nevada residents, availed themselves of the Nevada marketplace and Nevada readerships, and caused substantial harm to Plaintiffs in the State of Nevada.

## **FIRST CAUSE OF ACTION**

### **(Defamation)**

27.    Plaintiffs repeat and re-allege the allegations as set forth above.

28.    As discussed above, Defendant Siri falsely, maliciously, and otherwise in bad faith accused TransparentBusiness of being a pyramid scheme, referred to Mr. Konanykhin and Ms. Moschini as scammers, claimed they were stealing, and asserted that they should be in jail.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

29.     As discussed above, Defendant Infobae falsely, maliciously, and otherwise published in bad faith Defendant Siri's false accusations to third-parties by broadcasting the statements across the internet.

30.     Infobae published the article without privilege conveying the false and defamatory gist that TransparentBusiness was a pyramid scheme and that Mr. Konanykhin and Ms. Moschini were criminals who belonged in jail.

31.     In particular, the headline of the Infobae article is false and defamatory per se in the context of the article in its entirety.

32.     Defendants published the following false and defamatory statements in the article:

      a.  "It's a pyramid scam, they are stealing money from people. They should go to jail."

      b.  "[Information came to me and it is very clear that it is a pyramid scam."

      c.  "It may be a unicorn according to your vision, but it is a scam."

      d.  "They are scammers by soliciting unsuspecting investors on Facebook. They should go to jail."

      e.  "There is a lot in networks and not much else. It looks like a classic scam."

      f.  "[T]hey are stealing money from people."

33.     Defendants' accusations against TransparentBusiness, Mr. Konanykhin, and Ms. Moschini are false and convey the provably false fact that TransparentBusiness is a pyramid scheme.

34.     Defendants' accusations are false and defamatory *per se*, and damages to TransparentBusiness, Mr. Konanykhin, and Ms. Moschini are presumed as a matter of law.

35.     As set forth above, Defendants made and published the false and defamatory accusations with actual malice in that they made and published the article and their accusations with knowledge of falsity and with a reckless disregard for the truth.

36.     Defendant Siri published and/or uttered the false and defamatory statements with actual malice in that he made the statements with knowledge that they were false or with reckless disregard for the truth.

- 5 -

37.     On October 9, 2020, Mr. Konanykhin, on behalf of himself, Ms. Moschini, and TransparentBusiness, demanded in writing a retraction from Infobae.

38.     At some point after Mr. Konanykhin served the demand for correction, however, the article remains available on the internet, which is one of the many reasons why a retraction and correction by Infobae is statutorily required, and Infobae's failure to issue a correction is causing continuous harm to  TransparentBusiness, Mr. Konanykhin, and Ms. Moschini

39.     As a direct and proximate result of Defendants' false and defamatory publications, TransparentBusiness, Mr. Konanykhin, and Ms. Moschini have lost prospective investors and suffered public resentment, contempt, scorn, and ridicule, and have suffered damages in amount to be proven at trial, but in any event, in excess of $75,000.

40.     Because the Defendants' accusations are defamatory *per se*, damages to TransparentBusiness, Mr. Konanykhin, and Ms. Moschini are presumed.

41.     Defendants are liable for each republication of their publications.

42.     Defendants' conduct was willful and demonstrates that entire want of care that raises a conscious indifference to consequences. TransparentBusiness, Mr. Konanykhin, and Ms. Moschini are entitled to an award of punitive damages to punish Defendants for their unlawful conduct and to deter them from repeating such misconduct in the future.

43.     Defendants published their false and defamatory accusations and the article with Constitutional malice, thereby entitling TransparentBusiness, Mr. Konanykhin, and Ms. Moschini to an award of punitive damages.

44.     Defendants are joint tortfeasors and are jointly and severally liable for the false and defamatory accusations.

## SECOND CAUSE OF ACTION

### (Business Disparagement)

45.     Plaintiffs repeat and re-allege the allegations as set forth above.

46.     Defendants made false and disparaging statements by, among other things, publishing an article repeatedly referring to TransparentBusiness as a "pyramid scam" and accusing it of "stealing money" from its investors.

47.     Defendant Infobae published the article without privilege conveying the false and defamatory gist that TransparentBusiness was a pyramid scheme.

48.     Defendants made and published the false and defamatory accusations with actual malice in that they made and published the article and their accusations with knowledge of falsity and with a reckless disregard for the truth.

49.     Defendant Siri published and/or uttered the false and defamatory statements with actual malice in that he made the statements with knowledge that they were false or with reckless disregard for the truth.

50.     As a direct and proximate result of Defendants' false and defamatory publications, TransparentBusiness has lost prospective investors and suffered public resentment, contempt, scorn, and ridicule, and has suffered special damages in amount to be proven at trial, but in any event, in excess of $75,000.

## THIRD CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

51.     Plaintiffs repeat and re-allege the allegations as set forth above.

52.     A prospective economic relationship exists between TransparentBusiness and potential investors in its private offering.

53.     This prospective relationship contains a probable economic benefit or advantage to TransparentBusiness in that investors purchase equity in the company, providing the company operating capital.

54.     Defendants knew of the existence of the relationship between TransparentBusiness and its investors as evidenced by the nature of their false and defamatory accusations. Specifically, Defendants claimed that TransparentBusiness, Mr. Konanykhin, and Ms. Moschini "are scammers by soliciting unsuspecting investors on Facebook."

55.     Defendants intentionally made and published these defamatory statements, which, by their nature, were designed to interfere with or disrupt TransparentBusiness's relationship with its potential investors by causing the prospective investors to not participate in the private offering.

- 7 -

56.     Defendants'    false    and    defamatory    statements    actually    disrupted TransparentBusiness's relationship with potential investors by causing certain prospective investors to not participate in the private offering.

57.     Defendants lacked privilege or justification for making their false and defamatory statements about TransparentBusiness, Mr. Konanykhin, and Ms. Moschini.

58.     As a direct and proximate result of Defendants' actions, TransparentBusiness has lost prospective investors and suffered damages in amount to be proven at trial, but in any event, in excess of $75,000.

### FOURTH CAUSE OF ACTION

### (Negligence)

59.     Plaintiffs repeat and re-allege the allegations as set forth above.

60.     Defendants have a duty to investigate and report the truth.

61.     Defendants have a duty not to mislead the public and not to report inaccurately.

62.     Defendants breached their duties by making and publishing the false representations that Transparent Business is "a pyramid scam," that  TransparentBusiness, Mr. Konanykhin, and Ms. Moschini are "stealing money from people" and "should go to jail" for "stealing money from people."

63.     As a direct and proximate result of Defendants' actions, TransparentBusiness, Mr. Konanykhin, and Ms. Moschini have lost prospective investors, suffered harm to their reputation, and suffered damages in amount to be proven at trial, but in any event, in excess of $75,000.

**NOW, THEREFORE,** TransparentBusiness, Mr. Konanykhin, and Ms. Moschini request a judgment in their favor against Infobae and Santiago Siri as follows:

A.      For judgment against Defendants, jointly and severally, for compensatory damages in an amount proven at trial in excess of $75,000;

B.      For judgment against Defendants, jointly and severally, for punitive damages to punish and deter Defendants in an amount to be determined by the enlightened conscience of the jury;

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

C.   That Defendants be ordered to retract and correct their false and defamatory accusations in as conspicuous a manner as they were originally published;

D.   That Defendants be enjoined from posting additional false articles regarding TransparentBusiness, Mr. Konanykhin, and Ms. Moschini.

E.   That TransparentBusiness, Mr. Konanykhin, and Ms. Moschini recover their reasonable attorneys' fees and costs, plus interest accruing thereon, in their favor at the maximum rate allowed by law; and

F.   That the Court award such other and further relief as it may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs TransparentBusiness, Inc., Maria Silvina Moschini, and Alex Konanykhin hereby demand a jury trial of all triable issues in the above-entitled action.

Dated:  October 13, 2020                    SNELL & WILMER L.L.P.


By: */s/ Alex Fugazzi*
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti, Esq. (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Plaintiffs*

## VERIFICATION

I, Alex Konanykhin, declare that I am the CEO and co-founder of plaintiff TransparentBusiness, Inc., and I am also individually a plaintiff in this action. I have reviewed the Verified Complaint and know the contents thereof. I verify under penalty of perjury that I am authorized to make this Verification on behalf of TransparentBusiness, Inc., and that the foregoing Verified Complaint is true and correct to the best of my knowledge, information and belief.

DATED this 13th day of October, 2020.

Alex Konanykhin

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 10 -

## <u>VERIFICATION</u>

I, Silvina Moschini, declare that I am the President and co-founder of plaintiff TransparentBusiness, Inc., and I am also individually a plaintiff in this action. I have reviewed the Verified Complaint and know the contents thereof. I verify under penalty of perjury that I am authorized to make this Verification on behalf of TransparentBusiness, Inc., and that the foregoing Verified Complaint is true and correct to the best of my knowledge, information and belief.

DATED this *13th* day of October, 2020.

_____

Silvina Moschini

4829-6170-0046

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 11 -