1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRANSPARENTBUSINESS, INC., a Delaware corporation; MARIA SILVINA MOSCHINI, an individual; and, ALEXANDER KONANYKHIN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>INFOBAE, an Argentinian company; and, SANTIAGO SIRI, an individual,<br><br>Defendants. | Case No. 3:20-cv-00582-MMD-WGC<br><br>**ORDER GRANTING MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT SANTIAGO SIRI PURSUANT TO FRCP 4(F)(3)** |

Pending before the Court is Plaintiffs TransparentBusiness, Inc., Maria Silvina Moschini, and Alex Konanykhin's (collectively, "Plaintiffs") Motion for Order Authorizing Alternative Service of Process on Defendant Santiago Siri Pursuant to FRCP 4(f)(3), filed on November 24, 2020 (the "Motion"). ECF No. 5. The Motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Motion is **GRANTED**.

Plaintiffs initiated this action against defendants Santiago Siri and Infobae asserting causes of action for: (1) defamation; (2) business disparagement; (3) intentional interference with prospective economic advantage; and, (4) negligence. *See* First Amended Complaint, ECF No. 4. Plaintiffs allege that Defendant Santiago Siri currently resides in Spain. Spain and the United States, along with 84 other countries, are members to the Hague Convention on the Service

1  Abroad of Judicial and Extrajudicial Documents (commonly referred to as the "Hague
2  Convention"). The Hague Convention was enacted to establish a process whereby documents
3  being served abroad might be served in a simpler and timely manner, to ensure that defendants
4  sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof
5  of service abroad. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

6  Note § 10(a) of the Hague Convention states that the Convention does not interfere with
7  the "freedom to send judicial documents, by postal channels, directly to persons abroad" if the
8  country of destination does not object. The Ninth Circuit has joined the Second Circuit in holding
9  that the meaning of "send" in Article 10(a) includes "serve." *See Brockmeyer v. May*, 383 F.3d
10 798, 801 (9th Cir. 2004). Spain has not objected to Note § 10(a) of the Hague Convention.

11 In addition to Spain's approval of service by mail, the law of the forum must also
12 authorize service by international mail in order for service to be properly effectuated. FRCP
13 4(f)(3) (previously Rule 4(i)(1)(E)) affirmatively authorizes the Court to direct any form of
14 service that is not prohibited by an international agreement. It provides "service . . . may be
15 effected in a place not within any judicial district of the United States . . . by other means not
16 prohibited by international agreement as may be directed by the court." *Id.*

17 The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is
18 committed to the "sound discretion of the district court." *Rio Props., Inc. v. Rio Int'l Interlink*,
19 284 F.3d 1007, 1016 (9th Cir.2002) (permitting service on a foreign corporation by regular mail
20 and by e-mail, when authorized by the district court). Courts have authorized a variety of
21 alternative methods of service abroad under current Rule 4(f)(3) and former Rule 4(i)(1)(E),
22 including not only ordinary mail and e-mail but also publication and telex. *Rio Props.*, 284 F.3d
23 at 1016 (citing *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir.1987) (affirming district court's
24 authorization of service of process by publication); *Int'l Controls Corp.*, 593 F.2d at 176
25 (affirming district court's authorization of service of process by ordinary mail to last known
26 address); *Forum Fin. Group v. President, Harvard Coll.*, 199 F.R.D. 22, 23–24 (D.Me.2001)
27 (authorizing service by certified mail to defendant's attorney); *Smith v. Islamic Emirate*, 2001
28 WL 1658211, at *2–*3 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process by publication

on Osama bin Laden and al-Qaeda); *Broadfoot v. Diaz* (*In re Int'l Telemedia Assoc.*), 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (authorizing service via facsimile, ordinary mail, and email); *Levin*, 248 F.Supp. at 541–44 (S.D.N.Y.1965) (employing service by ordinary mail)).

The plain language of Rule 4(f)(3) requires only that service be directed by the court and that it not contravene an international agreement. *Rio Props., Inc.* at 1014. "No other limitations are evident from the text." *Id.* at 1016. Service under this provision must "comport with constitutional notions of due process" and be reasonably calculated, under the circumstances, to "apprise the interested parties of the pendency of the action and afford them an opportunity to present [their] objections." *Id.* at 1016 (citing Advisory Committee Notes to Rule 4(f)(3)).

Given the particularities and necessities of this case, the Court finds it appropriate to authorize alternative service of process under FRCP 4(f)(3). *See Absolute Swine Insemination Co., (H.K.) Ltd. v. Absolute Swine Insemination Co., LLC*, 2:12-CV-00606-KJD, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (finding that service by international mail is appropriate to serve the Complaint and summons under FRCP 4(f)(3)). The Court finds that: Article 10(a) of the Hague Convention permits service by mail; Spain has not objected to Article 10(a) of the Hague Convention; Spain approves of service by mail; and, service by mail is sufficient to provide actual notice to Siri of the pendency of the action. Accordingly, the Court authorizes Plaintiffs to effectuate service of process under FRCP 4 by serving defendant Santiago Siri with a Spanish-translated copy of the First Amended Complaint and Summons by mail.

**IT IS SO ORDERED.**

Dated: December 4 , 2020.

**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**