# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRANSPARENTBUSINESS, INC., a Delaware corporation, MARIA SILVINIA MOSCHINI, an individual, and ALEXANDER KONANYKHIN, an individual, <br><br> Plaintiffs <br><br> v. <br><br> INFOBAE, an Argentinian company, SANTIAGO SIRI, an individual, <br><br> Defendants | Case No.: 3:20-cv-00582-MMD-WGC <br><br> **Order** |

On October 13, 2020, Plaintiffs filed a complaint against defendants Infobae, an Argentinian company, and Santiago Siri, an individual. (ECF No. 1.) An amended complaint was filed on November 11, 2020. (ECF No. 4.) Plaintiffs filed a motion for an order authorizing alternative service on Siri under Federal Rule of Civil Procedure 4(f)(3) (ECF No. 4), which the court subsequently granted (ECF No. 8). The summons for Siri was issued on December 10, 2020 (ECF No. 11), and on January 21, 2021, Siri filed a motion to dismiss (ECF No. 12).

On March 2, 2021, the court issued a notice of intent to dismiss defendant Infobae under Federal Rule of Civil Procedure 4(m), giving Plaintiffs until April 1, 2021, to serve Infobae or show good cause as to why the deadline for service should be extended. (ECF No. 18.) On March 31, 20201, Plaintiffs filed a response, asserting that Rule 4(m)'s 90-day deadline for service explicitly does not apply to service on a foreign defendant. (ECF No. 22.)

A foreign corporation may be served in any manner prescribed by Rule 4(f) for serving an individual, except for personal delivery under rule 4(f)(2)(C)(i). Fed. R. Civ. P. (h)(2). Thus, a foreign corporation may be served: by any internationally agreed means of service reasonably calculated to give notice, or if there is no internationally agreed means; or if an international agreement allows but does not specify other means, by a method reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; or as the foreign authority directs in response to a letter rogatory or letter of request, or (unless prohibited by the foreign country's law) by a form of mail that requires a signed receipt; or other means not prohibited by international agreement that the court orders. Fed. R. Civ. P. 4(f).

Rule 4(m) governs the time limit for service and provides that if a defendant is not served within 90 days after the complaint is filed, the defendant must be dismissed unless good cause is shown for the failure and the deadline for service is extended by the court. Fed. R. Civ. P. 4(m). By its own terms, Rule 4(m) does not apply to service in a foreign country under Rule 4(f) or 4(h)(2). Therefore, Rule 4(m) does not apply here.

The Ninth Circuit has confirmed that Rule 4(m) does not apply to service in a foreign country. *Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991). Courts have held, however, that this does not preclude the court from setting a reasonable deadline for service on a foreign defendant in order to manage a civil case filed in the United States. *See e.g. Sport Lisboa e Benfica - Fubtebol SAD v. Doe 1,* CV 18-2978-RSWL-E, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018); *Inst. of Cetacean Research v. Sea Shepherd Conservation Society,* 153 F.Supp. 3d. 1291, 1320 (W.D. Wash. 2015); *Baja Devs. LLC v. TSD Loreto Partners*, No. CV-09-756-PHX-LOA,

2009 WL 2762050, at *1 (D. Ariz. Aug. 26, 2009); *Logtale, Ltd. v. IKOR, Inc.,* No. C 11-5452 CW, 2013 WL 4427254, at *7 (N.D. Cal. Aug. 14, 2013).

The Seventh Circuit has similarly held that the lack of an explicit deadline in Rule 4(f) to complete service does not mean a plaintiff has an unlimited amount of time to serve a foreign defendant. *Nylock Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, … the amount of time allowed for foreign service is not unlimited.").

Therefore, Plaintiffs have **75 days** from the date of this Order to file a proof of service as to defendant Infobae. If Plaintiffs require additional time, they must file a motion **before** the expiration of the 75-day deadline, setting forth the efforts they have taken to date to attempt to serve Infobae, and setting forth good cause for extending the deadline further.

**IT IS SO ORDERED**.

Dated: April 5, 2021

_____
William G. Cobb
United States Magistrate Judge