UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRANSPARENTBUSINESS, INC. *et al.*, | Case No. 3:20-cv-00582-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| INFOBAE, *et al.*, | |
| Defendants. | |

## I. SUMMARY

This is a defamation case involving comments published on an Argentinian news website about an American company. Plaintiffs TransparentBusiness, Inc., Maria Silvina Moschini, and Alexander Konanykhin allege state law tort claims against Defendants Infobae and Santiago Siri.[1] (ECF No. 1.) Before the Court is Defendant Siri's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[2] (ECF No. 12 ("Motion").) Because the Court finds it does not have personal jurisdiction over Siri, the Court will grant the Motion.

## II. BACKGROUND

The following allegations are adapted from the Amended Complaint (ECF No. 4) unless otherwise indicated.

Plaintiff TransparentBusiness is incorporated in Delaware and has its principal place of business in Nevada. (*Id.* at 3.) Plaintiff Alexander Konanykhin is an individual domiciled in Nevada. (*Id.* at 4.) Plaintiff Silvina Moschini did not name her state of

---

[1] Infobae was dismissed from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 26.) Siri is the only remaining defendant in this action.

[2] The Court considered Plaintiffs' response (ECF No. 14) and Defendant's reply (ECF No. 16). Defendant also filed a motion to for leave to file a corrected image of his motion to dismiss (ECF No. 15) because he failed to upload a signed copy. The Court will grant the motion for leave to file.

1  domicile. (*Id.*) Defendant Santiago Siri is an Argentinian citizen who resides in San Francisco, New York, and Madrid, Spain. (*Id.* at 4.)

On October 7, 2020, Infobae published an article in Spanish titled "Controversy among entrepreneurs over the new Argentine tech unicorn: 'it's a pyramid scam, they should go to jail.'" (*Id.* at 2.) Defendant Siri's remarks regarding Plaintiffs TransparentBusiness, Konanykhin and Moschini were quoted in the article: "It's a pyramid scam, they are stealing money from people. They should go to jail." (*Id.*) Siri further remarked that Plaintiffs Konanykhin and Moschini "are scammers by soliciting unsuspecting investors on Facebook." (*Id.*)

On October 9, 2020, Plaintiffs sent Infobae a demand letter to correct the article. (*Id.* at 6.) The article remains on Infobae's website without the corrections Plaintiffs demanded. (*Id.*)

At the time the article was published, TransparentBusiness was conducting its third round of private equity fundraising and planned to raise $330 million privately by the end of 2021. (*Id.* at 3.) It had raised $20 million prior to Siri's remarks that Infobae published. (*Id.*)

Plaintiffs' Complaint allege four tort claims: defamation, business disparagement, intentional interference with prospective economic advantage, and negligence. (ECF No. 4.) Defendant Siri moved to dismiss for lack of personal jurisdiction. (ECF No. 12.)

**III.   LEGAL STANDARD**

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger*

*v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

**IV.  DISCUSSION**

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065 reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. See *Baker v. Eighth Judicial Dist. Ct. ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

Plaintiffs do not contest that the Court lacks general personal jurisdiction over Defendant, but argue instead that the Court may exercise specific jurisdiction over him. (ECF No. 4.) In examining whether specific jurisdiction exists, the minimum contacts inquiry is "defendant focused"—the relationship to be examined is that between the defendant and the forum state, and that relationship must arise out of the defendant's own contacts "with the forum state itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). Specifically, a court may exercise specific jurisdiction over a defendant only where "the defendant's suit-related conduct" created a

3

substantial connection with the forum [s]tate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284-85).

Incorporating these overarching considerations, the Ninth Circuit provides a three-prong test for analyzing an assertion of specific personal jurisdiction. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* In the Ninth Circuit, "purposeful availment" and "purposeful direction" call for distinct analyses. *See id.* For suits sounding in tort, the court considers whether there is purposeful direction. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Third, if the plaintiff satisfies its burden of establishing the first two-prongs, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *CollegeSource, Inc.*, 653 F.3d at 1076 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Because Plaintiffs have not sufficiently established that Defendant has minimum contacts with Nevada, nor that their claims arise out of or relate to Defendant's contacts with the state, the Court finds it may not exercise personal jurisdiction over Defendant Siri.

**A.     Purposeful Direction**

Plaintiffs contend that Defendant has purposefully directed his activities in Nevada because he "issued public statements over the internet and published those statements into the Nevada forum discussing Nevada residents, availed themselves of the Nevada marketplace and Nevada readerships, and harmed Plaintiffs in the State of Nevada." (ECF No. 4 at 4; ECF No. 14 at 4.) Defendant counters that he "had virtually no contacts

4

1  with Nevada, and none related to the alleged defamatory acts underlying this action."
2  (ECF No. 12 at 2.) Defendant states that he "had no knowledge of Plaintiffs' location(s),
3  business activities, or their actual or prospective business relationships" until he saw
4  articles about TransparentBusiness as an "Argentinian 'unicorn' company." (*Id.* at 3.) He
5  further states that he made the allegedly defamatory statements to Argentinian news
6  outlet Infobae while he was in Madrid, Spain. (*Id.*)

As noted, the first prong for establishing specific jurisdiction here concerns whether Defendant's actions outside the forum state were purposefully directed at the forum state. *Burger King*, 471 U.S. at 476. Courts consider whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant know is likely to be suffered in the forum state. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 804 (1984)). The Ninth Circuit requires "something more" than a passive website that has the foreseeable effect of reaching the forum state for purposeful direction to be established through internet-based activities. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997).

First, the Court agrees with Defendant that Plaintiffs have not established purposeful direction with Nevada but have instead only established activities that affect Plaintiffs as Nevada citizens. Although Plaintiffs argue that Defendant either knew or should have known of Plaintiffs' citizenship in Nevada when he made the defamatory statements, this is not the inquiry *Walden* demands. *See* 571 U.S. at 284-85. Rather, Defendant's awareness that Plaintiffs were Nevada citizens or that they would suffer harm in Nevada is what *Walden* would find to be Defendant's contacts with Plaintiffs and not with the forum state itself. *See* 571 U.S. at 286.

Second, Plaintiffs have not offered, nor does the Court otherwise find that Defendant Siri has done "something more" than make comments that were published by Infobae on its passive website to purposefully direct his activities towards Nevada. Plaintiffs only cite to *Abiomed, Inc. v. Turnball* as the "something more" to show Siri

5

targeted Nevada citizens with his defamatory remarks. 379 F. Supp. 2d 90, 92, 95 (D. Mass. 2005). But in *Abiomed*, the district court found that "Defendant's occasional business travel to Massachusetts, supervision of Massachusetts employees, frequent telephonic contact with state residents, and alleged use of Massachusetts sources to learn confidential information about Plaintiff were all "contacts which relate to the claim." *Id.* at 94. Although the message board website could be visited by anyone in the world, the defendant collected information from Massachusetts sources, was aware Massachusetts residents were reading his content, and in some instances, directly messaged Massachusetts individuals to direct them to the content. *Id.* at 94-95.

But here, there is no evidence that either Siri or Infobae contacted any Nevadans or were in any way aware that Nevada residents would read its article. Infobae publishes articles in Spanish, and its website contains dedicated sections to Latin American countries like Colombia, Venezuela, Argentina, and Mexico. Although there is an "Americas" section, there is nothing directing website visitors toward particular regions in the United States, much less toward Nevada. Infobae did not target Nevada through the passive content they post on their website, and nothing from Defendant Siri's quotes referenced or targeted Nevada either. The Court cannot find that Defendant Siri's comments on Infobae's website were expressly aimed or purposefully directed at Nevada. Accordingly, the facts in *Abiomed* are not analogous to this situation here and only further demonstrates the lack of "something more" required for the Court to exercise personal jurisdiction over Defendant.

**B.     Whether Plaintiffs' Claims Arose Out of Forum-Related Activities**

Even assuming that Plaintiffs established purposeful direction, Plaintiffs' claims must also "arise out of or relate to the defendant's contacts" with the forum state for the Court to properly exercise personal jurisdiction over an out-of-state defendant. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017,1035 (2021) (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017)). Claims "arise out of" a defendant's contacts with the forum state when there is a causal connection

1    between the contacts and the claims. *See id.* at 1026. Claims can also "relate to"
2    defendant's contacts, even if they do not "arise out of" those contacts. *See id.* at 1026-
3    28. The Supreme Court has not articulated a "relate to" test, but in *Ford*, it clarified that if
4    a company attempts to directly serve the forum state's market for its product and the
5    product causes injury in that forum state, the claims "relate to" defendant's activities. *Id.*
6    at 1032. However, the Supreme Court also stated in *Ford* that its holding, which involved
7    physical purchases of cars, did not extend to the "doctrinal questions" associated with
8    personal jurisdiction in the online context. *Id.* at 1028 n.4 ("And we do not here consider
9    internet transactions, which may raise doctrinal questions of their own").

Although Plaintiffs' claims are based on internet transactions, applying *Ford* here still leads the Court to conclude that Plaintiffs' claims against Defendant do not arise out of or relate to Defendant's contacts with Nevada. *See id.* Defendant's three previous travels to Nevada as a tourist prior to 2015 do not constitute a causal connection to Plaintiffs' claims. (ECF No. 12 at 3.) Moreover, there is no causal connection between his contacts with Nevada and the claims because Defendant made the allegedly defamatory statements to Infobae while he was residing in Madrid, Spain. (*Id.*) Ultimately, Plaintiffs' injuries could have been experienced anywhere because Infobae is a passive website accessible worldwide and not just in Nevada.

In sum, the Court finds that the first two prongs for the exercise of specific jurisdiction is not met here. The Court thus need not consider whether exercising jurisdiction over Defendant would be reasonable. Accordingly, the Court will grant Defendant's motion to dismiss for lack of personal jurisdiction.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that Defendant's motion for leave to file (ECF No. 15) is granted.

It is further ordered that Defendant's motion to dismiss (ECF No. 12) is granted.

The Clerk of Court is directed to close this case.

DATED THIS 29th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE